# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

RAYMOND SHAWN MCCLOUD,    )
                                 )

       Movant,              )
                                 )

v.                           )       Case No. CV416-154
                                 )               CR406-247

UNITED STATES OF AMERICA,   )
                                 )

       Respondent.       )

## REPORT AND RECOMMENDATION

After pleading guilty to possession of a firearm by a convicted felon, Raymond McCloud moves under 28 U.S.C. § 2255 for resentencing absent an armed career criminal enhancement. Doc. 36.[1] Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

## I. BACKGROUND

On October 29, 2007, McCloud pled guilty to one count of possession of a firearm by a convicted felon. *See* docs. 32 (change of plea); 34 (judgment, entered January 17, 2008). His Presentence

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Investigation Report (PSR) deemed him an armed career criminal under the Armed Career Criminal Act (ACCA) based on convictions for possession of cocaine with intent to distribute, sale of a controlled substance, and aggravated assault. *See* PSR ¶¶ 22. The Court ultimately sentenced him to 168 months' and seven days' imprisonment, beneath the applicable 188-235 month Sentencing Guidelines range.[2] PSR ¶ 52. Because he never appealed, McCloud's conviction became final on February 2, 2008. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment).[3]

McCloud filed the present § 2255 motion over seven years later. Doc. 36 (filed June 20, 2016). He argues that under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), he no longer qualifies as an armed career criminal and thus is serving a sentence beyond the applicable statutory maximum. Doc. 38 at 4. He premises the timeliness

_____

[2] The Court notes that a 168 month sentence falls below both the Guidelines range recommended sentence *and* the fifteen year mandatory minimum imposed by 18 U.S.C. § 924(e)(1). That once-in-a-blue-moon occurrence benefits McCloud (obviously) and, more importantly, has no impact on the validity of his *Johnson* claim.

[3] January 31, 2008, one year from the date McCloud's conviction became final, was a Saturday. The deadline thus became February 2, 2008. *See* Fed. R. Civ. P. 6(a)(1)(C) (when computing time, "include the last day of the period, but if the last day is a Saturday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

of his § 2255 motion on the idea that *Johnson* establishes a "retroactive right" applicable to his case. *See* 28 U.S.C. § 2255(f)(3); doc 36 at 11.

## II.  ANALYSIS

The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla felon-in-possession convictions bring a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* held that that "residual clause" violated due process. *See* 135 S. Ct. 2551, 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" classed as such under ACCA provisions other than the residual clause. *See, e.g., Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of

the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense"). After *Johnson*, enhancements based on those offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause[4] of the ACCA rather than the "residual" clause survive *Johnson*).

Again, McCloud's enhancement came because of possession with intent to distribute (PWID), sale of a controlled substance, and aggravated assault convictions. PSR ¶ 22. The first two qualify as serious drug offenses,[5] while aggravated assault is the textbook definition of a crime that satisfies the elements clause.[6]

---

[4] The "elements clause" provides that "any crime punishable by . . . term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another" qualifies as a "violent felony." 18 U.S.C. § 924(e)(2)(B)(i).

[5] The ACCA defines "serious drug offense" as "an offense under State law, involving . . . distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). McCloud's sale of a controlled substance and PWID convictions meet that definition. *See* O.C.G.A. § 16–13–30(d) (imposing a 5–30 year sentence for persons convicted of selling, or possessing with intent to distribute, a controlled substance).

[6] All assaults, aggravated and simple, include, obviously, *assault*. *See* O.C.G.A. §§ 16-5-20, -21. Assault in turn, by its very definition, includes an "[a]ttempt[] to commit a violent injury to the person of another." O.C.G.A. § 16-5-20.

It follows that McCloud cannot look to § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (February 2, 2009). It ran out on February 2, 2010 (he never appealed or sought post-conviction relief before now), so his motion is untimely.[7]

Accordingly, McCloud's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

---

[7] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "'fundamental miscarriage of justice'" that "'has probably resulted in the conviction of one who is actually innocent.'" *Fail*, 2016 WL 1658594 at * 4 (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). McCloud invokes neither tolling nor the miscarriage exception, and offers no new evidence or exceptional circumstances to trigger either.

**SO REPORTED AND RECOMMENDED**, this __28th__ day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA